**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Lynn Cummings,<br><br>    Plaintiff,<br><br>v.<br><br>Mark A. Tucker, *et al.*,<br><br>    Defendants. | No. CV-21-01409-PHX-JJT<br><br>**ORDER** |

  At issue is Defendant Greg Sir's ("Mr. Sir") Motion to Dismiss (Doc. 12) to which *pro se* Plaintiff Pamela Lynn Cummings ("Ms. Cummings") filed a Response (Doc. 26) and Defendant Mr. Sir filed a Reply (Doc. 30).[1] Also at issue is Defendants Catamount Properties 2018, LLC ("Catamount"), Mark A. Tucker ("Mr. Tucker"), and Mark A. Tucker P.C. d/b/a The Law Office of Mark A. Tucker's (the "Tucker Law Office")[2] Joinder and Motion to Dismiss (Doc. 21) to which Plaintiff filed a Response (Doc. 33) and Catamount and the Tucker Defendants filed a Reply (Doc. 35). Defendant Evergreen Escrow, Inc. d/b/a Evergreen Note Servicing ("Evergreen") also filed a Notice of Joinder and Motion to Dismiss (Doc. 22), to which Plaintiff filed a Response (Doc. 33), and Defendant Evergreen filed a Reply (Doc. 36). The Court has reviewed the parties' briefs

---

[1]  Plaintiff also filed a Sur-Reply (Doc. 32, "Response and Objection Defendants Reply In Support of Motion to Dismis" [sic]). Leave of Court is required to file a Sur-Reply. Plaintiff did not seek leave of Court, so the Court does not consider this filing.

[2]  Hereinafter, the Court refers to Mark A. Tucker and Mark A. Tucker P.C. d/b/a The Law Office of Mark A. Tucker collectively as the "Tucker Defendants."

and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants Defendants' Motions.

I.  **BACKGROUND**

Plaintiff alleges that on or about August 10, 2010, she took out a mortgage loan for approximately $400,000 from Sir Mortgage Wholesale Corporation. (Doc. 1, Compl. ¶ 13.1.) However, as Defendant Sir observes in his Motion to Dismiss, Plaintiff's lender was actually Sir Mortgage and Finance of Arizona Profit Sharing Plan. (Doc. 12 at 3.) Plaintiff repeatedly references a Deed of Trust[3] in her Complaint, which, contrary to Plaintiff's allegations cited above, was executed on May 10, 2017. (Doc. 12, Ex. 1 at 12.) According to the Deed of Trust, Plaintiff took out a loan in the amount of $190,000, which was secured by the Deed of Trust recorded against the real property commonly known as 1550 S. Chaparral Blvd., Gilbert, Arizona 85296 ("Subject Property"). The Deed of Trust identifies Plaintiff as "Borrower," Defendant Evergreen as "Trustee," and "Sir Mortgage & Finance Of Arizona, Inc. Profit Sharing Plan," as "Lender." (Doc. 12, Ex. 1 at 1.) Plaintiff agreed to make monthly payments towards the principal and interest in the amount of $2,223.80. (Doc. 12, Ex. 2 at 1, Promissory Note Principal and Interest Payments.) On October 7, 2019, non-party Empire West Title Agency, LLC ("Empire") was substituted for Evergreen as "Trustee" of the Deed of Trust. (Doc. 12, Ex. 3, Notice of Substitution of Trustee.) That same day, Empire issued a Notice of Trustee's Sale under the Deed of Trust. (Doc. 12, Ex. 4.)

Plaintiff claims that from May 2017 through May 2021 she made timely payments to Defendant Evergreen, the note servicing company for Sir Mortgage and Finance-AZ Inc. (Compl. ¶ 15.2.) Plaintiff further alleges that in spite of her timely payments, Defendant Sir claimed that she was behind on her payments and hired the Tucker Defendants to commence foreclosure proceedings. (Compl. ¶ 15.3.) According to the Trustee's Deed

---

[3] The Court may consider a Deed of Trust at the Motion to Dismiss stage because it is a matter of public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (holding that a court may take judicial notice of, and properly consider, matters of public record).

dated July 28, 2021[4], which Plaintiff includes with her Complaint, the Subject Property was sold at public auction on July 27, 2021, to Defendant Catamount Properties 2018, LLC. (Compl. at 26.) The July 28, 2021 Trustee's Deed names Empire as the Trustee. (Compl. at 26.)

On August 16, 2021, Plaintiff filed the present action, alleging wrongful foreclosure, violation of the Fair Debt Collection Practices Act (FDCPA), violation of the Truth in Lending Act, breach of contract, violation of federal trust and lien laws, slander of title, slander of credit, and infliction of emotional distress. (Compl. at 16-17.) Defendant Mr. Sir filed a Motion to Dismiss, contending that Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure because her claims are "so lacking in factual support and detail, and are so unintelligible, that they are simply not plausible legal claims." (Doc. 12 at 4.) Defendants Catamount and the Tucker Defendants joined in Defendant Mr. Sir's Motion, and also filed their own Motion to Dismiss pursuant to Rule 12(b)(6), asserting that Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 21 at 3-5.) Likewise, Defendant Evergreen joined in Defendant Mr. Sir's Motion, and also filed its own Motion to Dismiss pursuant to Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most

---

[4] Typically courts cannot rely on extrinsic evidence without converting a motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 688; Fed R. Civ. P. 12(d). However, courts "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."

favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

Plaintiff asserts eight causes of action, each of which the Defendants move to dismiss. The Court discusses each of Plaintiff's claims in turn.

### A. Claim 1: Wrongful Foreclosure

Plaintiff alleges that "[t]he foreclosing party did not have standing to execute the power of sale clause in the deed of trust, and therefore the non-judicial foreclosure is void." (Compl. at 16.) She asserts that the lawyer who was involved in the Trustee's sale of the Subject Property was not authorized to exercise the power of sale. (Compl. ¶ 1.1.) She also claims that Defendant Mr. Tucker "does not have a license to practice law."[5] (Compl. ¶ 3.1-3.5.)

Defendant Mr. Sir argues that Plaintiff's wrongful foreclosure claim should be dismissed for several reasons, with which the other Defendants join. The Court agrees. First, Mr. Sir correctly observes that the Deed of Trust, which Plaintiff signed, allows a trustee to take the steps necessary for a trustee's sale, as happened here. (Doc. 12 at 4-5, Ex. 1 at 10.) Mr. Sir also notes that Arizona does not recognize "wrongful foreclosure" claims. (Doc. 12 at 5.) In fact, under A.R.S. § 33-811(C), Arizona law makes clear that borrowers waive all objections to a trustee's sale not raised in an action that results in an injunction or other relief under Rule 65 of the Arizona Rules of Civil Procedure, prior to the day before the scheduled trustee's sale. Put simply, "a person who has defenses or

---

[5] The Court does not consider this claim, as it is a matter of public record that Mr. Tucker is an "Active" member of the State Bar of Arizona. *See* https://www.azbar.org/for-lawyers/practice-tools-management/member-directory/.

- 4 -

objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *Zubia v. Shapiro*, 408 P.3d 1248, 1251 (Ariz. 2018) (quoting *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 599 (Ariz. 2012)). It is undisputed that Plaintiff failed to bring an action for injunctive relief as required by A.R.S. § 33-811(C). For these reasons, the Court dismisses Plaintiff's first claim with prejudice as to all Defendants.

### B.   Claim 2: Violation of the FDCPA

Plaintiff also alleges that "[t]he law firm, or the attorney, did not meet the requirements mandated in the [FDCPA], necessary to be a legal debt collector." (Compl. ¶ 2.1.) Additionally, Plaintiff asserts that "[t]he debt collector in this case is in violation of the FDCPA, as they do not meet the legal requirements to be considered a debt collector and therefore have no standing before the court." (Compl. ¶ 2.3.)

Defendant Mr. Sir argues that these allegations are frivolous, and do not pertain to him, so should be dismissed. (Doc. 12 at 6.) Defendant Evergreen raises a similar argument, and contends Plaintiff alleges no facts to support her claim that Evergreen violated the FDCPA, noting that Evergreen did not participate in the nonjudicial foreclosure sale that is the subject of the Complaint. (Doc. 22 at 7.) Defendant Catamount and the Tucker Defendants point out that Plaintiff's Complaint fails to allege any specific wrongdoing or misconduct on their part, and reiterate that Plaintiff waived her ability to file this suit by not obtaining injunctive relief prior to the Trustee's Sale under A.R.S. § 33-811(C). (Doc. 21 at 4-5.)

The Court agrees with all Defendants. The Court also finds it impossible to discern from the Complaint how Plaintiff believes Defendants violated the FDCPA because the allegations are anything but the "plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8. The Complaint fails to identify which of the several Defendants undertook which actions, when, and most importantly, how those actions relate at all to the elements of Section 1692(k) of the FDCPA.

Even if Plaintiff were able to cure this deficiency in an amended complaint, however, the claim cannot stand. "As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." *Mansour v. Cal–Western Reconveyance Corp*., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). This Court has held that "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Id.* The Court will dismiss Plaintiff's FDCPA claim with prejudice.

## C. Claim 3: Violation of the Truth in Lending Act

Plaintiff's third claim is that unspecified defendants violated the "Truth in Lending Act, Regulation Z, 12 CFR §226.23." (Compl. at 16.) Earlier in her Complaint, Plaintiff asserts that the Regulation was violated because "[t]he original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." (Compl. ¶ 12.1.) She argues that the "failure to disclose the true nature of the exchange is clearly misrepresentation, fraud, harassment, unfair means, and deception to collect a debt." (Compl. ¶ 12.1.)

Like Plaintiff's first and second claims, discussed above, this claim must fail as to all Defendants. Plaintiff alleges no specific facts to support that any Defendant did anything that could violate the Truth in Lending Act. *See* Fed. R. Civ. P. 8(a). Further, as Defendant Evergreen correctly argues, the Deed of Trust securing Plaintiff's loan was foreclosed, and a foreclosure sale extinguishes any right to rescission under the Truth in Lending Act. (Doc. 22 at 8, citing 15 U.S.C. § 1635(f).) Under 15 U.S.C. § 1635(f), "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." Courts in the Ninth Circuit have interpreted Section 1635(f) in cases with fact patterns similar to the present matter. For example, in *Mondragon v. Bank of America N.A.*, the Central District of California held that a party's right to rescind a loan transaction was extinguished when the property was sold at a non-judicial foreclosure sale, reasoning that rescission is no longer available under the Truth in Lending Act once a property is sold. No. ED CV 16-2462-R, 2019

WL 1751834 (C.D. Cal. Mar. 21, 2019) *aff'd* 831 Fed. App'x 357 (9th Cir. 2020). Therefore, Plaintiff has no plausible claim under the Truth in Lending Act, so the Court must dismiss Plaintiff's third claim with prejudice.

### D.   Claim 4: Breach of Contract

Plaintiff's fourth claim is that an unspecified Defendant, presumably Mr. Sir[6], is liable for breach of contract for the same reason on which she grounds her third claim—"the original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." (Compl. at 17.)

Defendant Mr. Sir points out that there is no allegation that Plaintiff has ever had a contract with him as an individual, so the claim must be dismissed as to him. (Doc. 12 at 7.) Defendant Catamount and the Tucker Defendants join in Mr. Sir's argument. Defendant Evergreen raises the same argument—Evergreen is not a party to any contract with Plaintiff, and therefore could not have breached a contract with Plaintiff. (Doc. 22 at 9.) Defendant Evergreen also argues that Plaintiff's claim is based on the "vapor theory" of money, which has been "universally discredited." (Doc. 22 at 9.)

The Court agrees with all the Defendants' arguments. The contract at issue was not between Plaintiff and any of the named Defendants. (*See* Doc. 12, Ex. 1.) It follows that Plaintiff fails to state a claim in accordance with the standards articulated in *Twombly* and *Iqbal*. Additionally, Defendant Evergreen is correct that Plaintiff's claim is based on the meritless "vapor money theory." In short, proponents of the vapor money theory argue that mortgages are not enforceable because banks do not actually provide cash to the borrower. *See, e.g.*, *Vollmer v. Present*, CV 10-1182-PHX-MHM, 2011 WL 11415 at *6 (D. Ariz. Jan. 4, 2011). Numerous courts throughout the Ninth Circuit have rejected claims based on the vapor money theory as frivolous. *See id.* at *7. Thus, Plaintiff's fourth claim is not plausible and is therefore dismissed with prejudice.

---

[6]   Mr. Sir is not explicitly named in this portion of Plaintiff's Complaint, but in her Response, she states that Mr. Sir is "liable for the Breach of Contract." (Compl. at 17; Doc. 26 at 6.)

- 7 -

### E. Claim 5: Violation of Federal Trust and Lien Laws

Plaintiff also asserts that an unspecified "defendant violated Federal Trust and Lien Laws when he signed on behalf of the trustee without legal authorization." (Compl. at 17.) As Defendant Evergreen points out, there is no such thing as "Federal Trust and Lien Laws," and Plaintiff fails to cite any specific federal statutes other than those discussed *supra*. (*See, e.g.*, Doc. 22 at 9.) In her Response, Plaintiff does little to clarify this point, arguing that "[d]efense provided no factual evidence the other Defendants are not in violation and agree with the Plaintiff by acquiescence and tacit agreement." (Doc. 26 at 7.) The Court is unable to discern a plausible claim against any Defendant. Accordingly, Plaintiff's fifth claim is also dismissed with prejudice.

### F. Claim 6: Slander of Title

Plaintiff's sixth claim is that "[t]he defendants have caused to be recorded various documents including a Notice of Trustee Sale and Deed of Trust which has impaired the plaintiff's title which constitutes slander of title." (Compl. at 17.)

Under Arizona law, "[t]he elements of slander of title . . . are the uttering and publication of the slanderous words by the defendant, the falsity of the words, malice and special damages." *City of Tempe v. Pilot Properties, Inc.*, 527 P.2d 515, 522 (Ariz. Ct. App. 1974). Plaintiff has failed to identify any false statements, made with malice, which caused her damage.

Defendant Mr. Sir acknowledges that a Notice of Trustee Sale was "duly recorded with the Maricopa County Recorder," but argues that Plaintiff's sixth claim is essentially the same as her first claim for "wrongful foreclosure," which the Court addressed *supra*. (Doc. 12 at 7; *see also* Doc. 12, Ex. 4, Notice of Trustee Sale.) The Court also agrees with Defendant Mr. Sir's argument. First, the Deed of Trust permitted the trustee to take the steps necessary for a trustee's sale, as happened here. (Doc. 12 at 4-5, Ex. 1 at 10.) Second, as already discussed, Plaintiff waived her ability to file this suit by not obtaining injunctive relief prior to the Trustee's Sale under A.R.S. § 33-811(C).

It follows that Plaintiff has failed to state a plausible claim for relief, so her sixth claim is dismissed with prejudice as to all Defendants.

### G. Claim 7: Slander of Credit

Plaintiff's seventh claim for relief is that "the actions and inactions of the defendants have impaired her credit." (Compl. at 17.)

Plaintiff does not reference any authority to show that Arizona recognizes a cause of action entitled "slander of credit," nor was the Court able to find such a cause of action in its own research. Additionally, Plaintiff's claims are too vague to raise the right to relief above the speculative level, as required by *Twombly* and *Iqbal*. Thus, Plaintiff's seventh claim is dismissed with prejudice as to all Defendants because it fails to state a plausible claim under Rule 8(a) of the Federal Rules of Civil Procedure.

### H. Claim 8: Intentional and Negligent Infliction of Emotional Distress

Plaintiff's final claim is that "[t]he defendants have intentionally and negligently taken actions which have caused the plaintiffs severe and immeasurable emotional distress." (Compl. at 17.)

Conduct supporting a claim for intentional infliction of emotional distress must be "extreme" and "outrageous." *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987) (internal citations omitted).

> The trial court must determine whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief. A plaintiff must show that the defendant's acts were so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

*Mintz v. Bell Atl. Sys. Leasing Int'l*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (internal quotations and citations omitted). To state a claim for negligent infliction of emotional distress under Arizona law, a plaintiff must show bodily harm. *Id.* at *6. The showing of bodily harm may be satisfied by a physical injury, a long-term physical illness or a mental disturbance, but will not be satisfied by "transitory physical phenomena." *Id.* (quoting *Monaco v. Health Partners of S. Ariz.*, 995 P.2d 735, 738-39 (Ariz. Ct. App. 1999)).

Arizona Courts have also rejected negligent infliction of emotional distress claims arising from facts similar to those of the present matter. *See Deno v. Transamerica Title Ins. Co.*, 126 Ariz. 527, 527, 617 P.2d 35, 37 (Ariz. Ct. App. 1980) (holding that negligent performance of a fiduciary duty does not give rise to a claim for emotional distress without physical harm in the absence of bad faith or other intentionally tortious conduct).

Plaintiff alleges no facts to support a claim for either negligent or intentional infliction of emotional distress. Nor could Plaintiff plead any facts to show that Defendants' conduct was extreme and outrageous, or even negligent. As the Court has reiterated throughout this Order, the Deed of Trust, which Plaintiff signed, allows a trustee to take the steps necessary for a trustee's sale, as happened here. (Doc. 12 at 4-5, Ex. 1 at 10.) There is no evidence that any Defendant or unnamed party behaved in an extreme and outrageous or negligent manner in proceeding with a trustee's sale. Thus, Plaintiff's final claim does not meet the plausibility standard as outlined by *Twombly* and *Iqbal* and is dismissed with prejudice.

**IT IS THEREFORE ORDERED** granting Defendants' Motions to Dismiss (Docs. 12, 21, 22).

**IT IS FURTHER ORDERED** dismissing with prejudice all claims against Defendant Mr. Sir, Defendant Catamount, the Tucker Defendants, and Defendant Evergreen.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 10th day of June, 2022.

Honorable John J. Tuchi
United States District Judge